Wood, J.
Under the averments in the declaration, and the testimony submitted, are the plaintiffs entitled to judgment? — and I may here remai'k, in the outset, in this case, that I know of no *494 arbitrary rule applicable to actions founded upon mercantile guaranties, which creates obligations between the parties to which they have neither expressly, nor impliedly assented. In all actions founded in contract, the agreement as set forth must be proved, or the circumstances existing between the .parties must be such as to leave it clearly to be inferred. .In enforcing them, courts of justice, though they may sometimes be confined by technical rules, always endeavor to ascertain the understandings and intentions of the parties, and these are considered as the essence of their agreements in carrying them into execution. Mercantile guaranties are either general or special; though a single letter of credit may bear upon its face both of these distinctions. It may be general, as to the whole word, to whom the bearer may be accredited, and to *any portion of whom, at his own option, [494 he may make the guarantor a debtor, and special, as to the amount of the credit; or unlimited or general in the amount, and special as to the parties.
The first inquiry which arises here, is, whether the guaranty in question is not special as to persons. It is directed to the house of McBride & Co., in the city of Pittsburgh, and nothing upon its face evincing an intention to give Parrar credit, or to incur responsibility with any other house.
The counsel for the plaintiff here admit, that a surety can not be held beyond the terms of his engagement, but they insist that although it is addressed only to McBride & Co. as it does not say “ we will be responsible, to you,'’ it is a letter of credit to any otherj who will advance the goods. It seems to us, this reasoning is more ingenious than sound. The guaranty being addressed to A. D. McBride & Co., it is to them the defendants speak when they say, 11 we will be responsible to the amount of $2,000 ; ” and it contains no general terms, by which either Farrar, or the house of McBride, had the authority to transfer it to the plaintiffs, and they to make the defendants their guarantors, without their assent, express or implied.
But another question is made, which may as well be settled, though the want of a privity of contract is decisive cf this count in the declaration as appears upon its face. It is said by the defendants’ counsel, that had this guaranty been addressed to the plaintiffs, in order to fix the defendants’ liability, notice was necessary to be given to them by the plaintiffs that they bad acted on *495 such guaranty and had delivered the goods. This is resisted by the counsel for the plaintiffs, who claim the guaranty to be a positive and original promise, and notice, therefore, unnecessary.
The language of the guaranty seems to us clearly to convey the meaning that if the house of McBride & Co., would sell goods to any amount not exceeding $2,000, the defendants would be responsible that the vendee, Farrar, should pay for them at such 495] time as he should agree to make payment, and if *he did not pay, they, the defendants, would. If this interpretation be right, the promise is clearly what may be termed collateral. Beckman v. Hale, 17 Johns. 141, is cited as an authority that notice is not necessary to entitle the plaintiffs to recover. The defendant wrote to the plaintiff, to whom others were indebted, that it would be hard for one'of them to pay, desired the plaintiff to show him some lenity, and then-says, “I will stand responsible, if you please.” Spencer, who gave the opinion of the court, says: It can not be pretended this was an absolute, unconditional, guaranty, and it was held that notice was necessary. Platt, Justice, dissented ; but .unless a dissenting opinion be the greater authority, this case does not help the plaintiffs. In 7 Cranch, 70, it is laid down as a general rule, in cases of guaranty, to be the duty of him who gives credit to another, upon the responsibility of a third person, immediately to give notice to the latter of the extent of his engagements. In 12 Pet. 207, the Supreme Court of the United States have declared, that upon a letter of credit, addressed to a particular person, or to persons generally, foi; a future credit, to be given to a party, in whose favor the guaranty is drawn, to charge the guarantor, notice is necessarily to be given to him, that the person giving the credit has acted upon the guaranty, and has given credit on the faith of it, and that this is no longer an open question.
This notice should be given immediately on closing the transaction, for such notice may be most material to the guarantor in relation to his dealings with him for whom he has volunteered his responsibility or credit. The cases to which reference has been made, are clearly decisive of the cause of action laid in this count upon the last point raised; for the evidence shows the guaranty was received by the plaintiffs, and the goods delivered early in November, and no notice is proved to the defendants until September following
*496 As to the second count.
Here again is a guaranty for goods to be delivered on a future credit, and the same objection applies as to the want of proof of notice and privity of contract, and even if this, declaration ^contained the common counts, there is no proof to show [496 any balance of goods in the defendants’ hands, after their own •liabilities for Farrar were discharged, to render them liable on any express promise. There are no circumstances which would raise an implied one; but there is the express declaration of one of the plaintiffs' that he did not consider the defendants either legally, morally, or honorably obligated to pay Farrar’s liabilities to them. In no aspect of the case ate the plaintiffs entitled to judgment. Judgment for the defendants.